IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


LONNELL HUGHES,                      )
        Plaintiff,                   )          Civil Action No. 11-1006
                                     )          District Judge
        v.                           )          Magistrate Judge Cynthia Reed Eddy
                                     )
ALLEGHENY COUNTY AIRPORT             )
AUTHORITY,                           )
        Defendant.                   )


## MAGISTRATE JUDGE CYNTHIA REED EDDY
## REPORT AND RECOMMENDATION


## I.  RECOMMENDATION

For the reasons set forth in the following Report, the Magistrate Judge recommends that

this case be dismissed without prejudice to filing an amended complaint.


## II.  REPORT

On January 4, 2011, Plaintiff Lonnell Hughes filed a Motion for Leave to Proceed in

forma pauperis, pursuant to 28 U.S.C. § 1915, which the Court granted that same day. On

January 5, 2011, Plaintiff filed a two paragraph complaint against the Allegheny County Airport

Authority, which states, in its entirety:

> In June I was cut off of my opt out bonus and was not offered the insurance that
> all the other employees was getting I no that it was because in May I had filed a law suite
> against the other defendant for hostal wor environment my law suit was filed
> 05/06/20008 by Timothy Obrien in June They wanted to see if I was still on my wifes I
> told them that I was that if they had a prabloom with it just put me on theres but they
> chose to stop my opt out and harass me and I no I was because I had filled the law suit
>
> I would like a judgment thirty thousand becase for the past ten years I have been
> under attack and not give the same rights as all the other emploees.

Complaint, [ECF No. 2, p. 1 of 2] (grammatical and spelling errors in original).

On May 25, 2011, the Court issued a Rule to Show Cause [ECF No. 3] why the Defendant has not been served with the complaint and summons within 120 days of the filing, as required by Federal Rule of Civil Procedure 4(m), and why this case should not be dismissed. This Rule was dissolved on June 30, 2011, and Plaintiff was directed to submit proper instructions, U.S. Marshal Form 285, for service upon the Defendant, along with a completed notice and waiver of summons for the Defendant, and copy of the complaint for the Defendant, to the Clerk of Court, for the Western District of Pennsylvania, on or before July 15, 2011.

On July 25, 2011, the Court issued another Rule to Show Cause [ECF No. 5] why Plaintiff had not provided proper instructions for service, and why this case should not be dismissed. This Rule was also subsequently dissolved.  To date, there is no indication that Plaintiff has made any further attempts to serve his complaint.

**Prescreening Standards**

The Court is statutorily required to review the complaint of a plaintiff proceeding in forma pauperis prior to service of process. 28 U.S.C. §§ 1915(e), 1915A(a). The screening procedures established by section 1915(e) apply to complaints filed by prisoners as well as to non-prisoner in forma pauperis cases. See Newsome v. EEOC, 301 F.3d 227, 3231-33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205-06 (2d Cir. 2002) (affirming dismissal of in forma pauperis non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)).[1]

_____

[1] Although the Third Circuit has not ruled on the issue, several district courts in the Third Circuit have considered the question of whether this revised in forma pauperis statute applies only to prisoners and have concluded that it does not. Harrison v. Shapiro, No, 97-2133, 1997 WL 197950, at * 1 (E.D.Pa. 1997) (Van Artsdalen, J.); Jones v. North Atlantic Treaty Organization, No. 98-1185, 1998 WL 136511,

When reviewing in forma pauperis applications, the Court must make two separate determinations. First, the Court must determine whether the plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915(e)(2)(A). Based on the information provided in the Plaintiff's in forma pauperis affidavit, the Court concluded he has insufficient funds to pay the requisite filing fee, and granted Plaintiff's request to proceed in forma pauperis.

Second, the Court must "screen" the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B). The United States Supreme Court has held that 28 U.S.C. § 1915(e)(2)(B)'s term "frivolous" when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation," such that a claim is frivolous within the meaning of section 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989). Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a

at *1 n. 1 (E.D.Pa. 1998) (Padova, J.); McAllen v. Attic Away From Home, No. 00-941, 2000 WL 1752618, at *2 n. 7 (D.Del. 2000) (Sleet, J.) Each of these courts has found the mention of the word "prisoner" to be a typographical error, and that the Congress meant the statute to read "person." I find this reasoning to be persuasive. See also, Anyanwutaku v. Moore, 151 F.3d 1053 (D.C.Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); Powell v. Hoover, 956 F.Supp. 564, 568 (M.D.Pa. 1997).

complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Id., 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). See also Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back); Denton v. Hernandez, 504 U.S. 25 (1992) (where complaint alleges facts that are "clearly baseless," "fanciful" or "delusional," it may be dismissed as frivolous).

However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). If the pro se plaintiff can cure the factual allegations in order to state a claim, the Court should give him or her an opportunity to do so. However, if amendment cannot cure the deficiencies, the Court may dismiss without leave to amend, id., and even dismiss with prejudice. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

**Rule 12(b)(6) Standards**

The legal standard for dismissing a complaint for failure to state a claim pursuant to §1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed.R.Civ.P. 12(b)(6) standard to dismissal for failure to state a claim under section 1915(e)(2)(B)). Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. The Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6) in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562 (2007). The Twombly Court stated that, "[w]hile a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Id. at 555 (internal citations omitted). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557. See also Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal quotation marks omitted)). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b) (6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." Twombly, 550 U.S. at 555 (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that a well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id., 556 U.S. 662, 129 S.Ct. at 1949. As Iqbal explained, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief . . .," and as the Court held in Twombly, 550 U.S. 544, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." Id., at 555.

When determining whether dismissal is appropriate, the Court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and

legal elements of a claim are separated. Id. The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff has a "plausible claim for relief." Id. at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1949 (quoting Fed.R.Civ.P. 8(a)(2)).  A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 1949 (quoting Twombley, 550 U.S. at 570.) This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Fowler, 578 F.3d at 211 (quoting Iqbal, 129 S.Ct. at 1949).

Plaintiff is required to make a "showing," rather than a blanket assertion, of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Id. (citing Twombly, 550 U.S. 556 n. 3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. at 234.

Even post-Twombley, however, because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89 (2007) (citations omitted).   Thus, the Court must liberally construe a pro se litigant's pleadings and "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d. Cir. 1999)).   "'Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.' " Higgins, 293 F.3d at 688 (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).

**Plaintiff's Complaint is Legally and Factually Inadequate**

Viewed in light of the foregoing, it is obvious that Plaintiff's complaint fails to state a cause of action and is woefully short of the facts and particulars that would put defendant Allegheny County Airport Authority on notice of what it is Plaintiff is claiming it did to him that requires redress. He seems to be stating a claim for retaliation of some sort, for filing a law suit of some sort, the retaliation having something to do with being "put on" his wife's insurance, or not. If and when Allegheny County Airport Authority is served with his complaint, it will have only a vague idea of the nature and none of the particulars of his claim.

As it stands now, Plaintiff's complaint is frivolous because it lacks an arguable basis either in law or in fact.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's complaint be dismissed, with leave of court to amend the complaint to attempt to cure its obvious deficiencies.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, Plaintiff is allowed until **January 31, 2012**, to file objections to this report and recommendation. Failure to file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).



s/ Cynthia Reed Eddy
CYNTHIA REED EDDY
UNITED STATES MAGISTRATE JUDGE

cc:
Lonnell Hughes
567 Rosedale Street
Pittsburgh, PA 15208